UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MODERNO, INC.,<br><br>              Plaintiff,<br><br>v.<br><br>KNOLL, INC.,<br><br>              Defendant. | Civil Action No. 13 CV 3017 (AKH)<br>ECF Case |

## DEFENDANT KNOLL, INC.'S MOTION TO STRIKE REDUNDANT COMPLAINT WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 12(f)

PLEASE TAKE NOTICE that upon the annexed Declaration of George Gottlieb, counsel for Defendant, Knoll, Inc., affirmed on August 15, 2013, and upon the exhibits attached thereto, the accompanying Memorandum of Law in support of this motion and the pleadings herein, Defendant will move this Court, before the Honorable Judge Hellerstein, United States District Judge, for an order pursuant to Rule 12(f) of the Federal Rules of Civil Procedure striking Plaintiff Moderno, Inc.'s Complaint with prejudice.

                                                GOTTLIEB, RACKMAN & REISMAN, P.C.
                                                George Gottlieb, Esq.
                                                Marc P. Misthal, Esq.
                                                Samantha Rothaus, Esq.
                                                Attorneys for Plaintiff
                                                270 Madison Avenue
                                                New York, New York 10016
                                                (212) 684-3900

                                                By: _/s/ George Gottlieb_

Dated:    August 15, 2013                   George Gottlieb (GG5761)
          New York, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MODERNO, INC.,<br><br>    *Plaintiff,*<br><br>v.<br><br>KNOLL, INC.,<br><br>    *Defendant.* | Civil Action No.  13 CV 3017 (AKH)<br>ECF Case |

### MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE REDUNDANT COMPLAINT WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 12(f)

Defendant Knoll, Inc. ("Knoll") respectfully submits this Memorandum of Law and accompanying Declaration of George Gottlieb in support of its Motion to Strike Plaintiff Moderno, Inc.'s ("Moderno") Complaint with prejudice. This motion is made pursuant to Fed. R. Civ. P. 12(f), which states, in pertinent part, that "[t]he court may strike from a pleading ... any redundant ... matter." Moderno's Complaint in this case is redundant to Moderno's pleadings in Civil Action No. 11-CV-0488, pending in the Southern District of New York (hereinafter, the "Primary Action"), and should therefore be stricken, with the result of dismissing this case. Furthermore, Moderno has indicated in its pleadings that it filed its Complaint in order to avoid this Court's ruling regarding Moderno's counterclaims in the Primary Action. To prevent Moderno from continually attempting to litigate these same issues in countless jurisdictions, its Complaint should be stricken with prejudice.

**I. Factual Background of the Dispute Between Knoll and Moderno**

In January 2011, Knoll filed the Primary Action against Moderno in this Court, seeking damages and injunctive relief for trademark infringement and related claims.

1

(Gottlieb Dec. ¶ 2.) Knoll's claims were based upon its ownership of five incontestable federal trademark registrations for furniture (hereinafter, the "Barcelona Collection"). (Id.) Moderno filed an answer and counterclaims, including an allegation that Knoll had obtained its Barcelona Collection trademarks through fraud on the U.S. Patent & Trademark Office ("PTO"). (Gottlieb Dec. ¶ 3.) Moderno later amended its answer and counterclaims of its own volition, and withdrew its counterclaims and affirmative defenses relating to fraud. (Gottlieb Dec. ¶ 4.) Some months later in the litigation, Moderno sought to reassert its counterclaims and affirmative defenses relating to fraud. (Gottlieb Dec. ¶ 5.) After briefing by the parties, this Court issued a decision denying Moderno's request to reinstate the counterclaims and affirmative defenses that it had voluntarily withdrawn, including its counterclaims and affirmative defenses relating to fraud. (Gottlieb Dec. ¶ 6.) Knoll, Inc. v. Moderno, Inc., 2012 U.S. Dist. LEXIS 119048 (S.D.N.Y. Aug. 22, 2012). The Court noted that:

> Defendants have already brought and dropped the underlying fraud claim, as to which no new information is identified. Having made a tactical decision to explicitly abandon certain claims, Defendants will not be excused from the necessary consequences of this decision.

Knoll, Inc., 2012 U.S. Dist. LEXIS 119048 (quotations omitted). Upon Moderno's subsequent request for reconsideration, this Court upheld its decision and denied, for a second time, Moderno's attempt to reinstate its claims relating to fraud. (Gottlieb Dec. ¶ 7.)

Subsequently, on January 8, 2013, Moderno filed a federal complaint captioned Moderno, Inc. v. Knoll, Inc., CV13-00124, in the Central District of California (hereinafter the "California Action"). (Gottlieb Dec. ¶ 8.) This complaint sought a declaratory judgment that Knoll's trademark registrations for the Barcelona Collection were invalid

due to alleged fraud on the USPTO.[1] (Id.) On its face, the California Action arose out of the identical facts and circumstances as the Primary Action and duplicated claims that Moderno had voluntarily dismissed from that action in November 2011. (Gottlieb Dec. ¶ 9.)

As a result, on January 14, 2013, Knoll moved this Court for an Order to Show Cause seeking to enjoin Moderno from pursuing the California Action based on it being duplicative of issues already litigated in the Primary Action. (Gottlieb Dec. ¶ 10.) This Court declined to grant such an Order, but noted that the California court should make such a determination. (Gottlieb Dec. ¶ 11.) This Court stated in pertinent part:

> I agree that the subject of the newly-filed lawsuit in the Central District of California is the same subject as the counterclaim Defendant first filed here (and later voluntarily dismissed and was not permitted to re-assert), and that it would waste judicial resources to litigate related claims in two different courts, but the district court in Central California should be the court making that determination, not I. Should that district court wish to transfer the case to me, I would accept the transfer.

(Id. at Exhibit I.) Knoll then filed a substantially identical motion to transfer the California Action to this Court. (Gottlieb Dec. ¶ 12.) Its motion was granted, the California court stating:

> Judicial economy would be served by having the cases litigated in a single forum, before Judge Hellerstein, who has already presided over the litigation over the course of two years and has knowledge about the parties and the trademarks at issue.

(Id. at Exhibit K.) The California court also noted:

> If Moderno were to prevail in this action, Knoll could not possibly prevail in New York. Conversely, if Knoll were to prevail in the New York Action, Moderno would likely be barred from collaterally attacking that judgment by means of a judgment in this case. ... Thus, retaining this case here [in California] would not be conducive to 'wise judicial administration.'

---

[1] Moderno never served its complaint in the California Action upon Knoll. (Gottlieb Dec. ¶ 8.)

3

(Id.) The California Action was subsequently transferred to the Southern District of New York on May 6, 2013 as the present action, and Moderno has taken no substantive steps to continue with this litigation since the date of transfer (including making any effort to serve Knoll). (Gottlieb Dec. ¶ 13.)

## II. The Complaint in the Present Action Should be Stricken with Prejudice.

Moderno's Complaint should be stricken with prejudice, as all of its allegations are duplicative of the fraud claims it alleged in its Proposed Amended Complaint, Docket No. 90-1 in the Primary Action, which this Court declined to allow Moderno to assert. Both Judge Hellerstein in the Primary Action and Judge Gee in the California Action, in adjudicating Knoll's request for an order to show cause and its subsequent motion to transfer, found that Moderno's claims are duplicative of those it had asserted and dismissed in the Primary Action. Indeed, this redundancy is the very reason why Judge Gee transferred the California Action to the Southern District of New York.

Generally speaking, district courts have the authority to order the dismissal of a duplicative, second-filed action such as this one. Judicial policy favors a "single determination of a controversy between the same litigants and, therefore, a party who first brings an issue into a court of competent jurisdiction should be free from the vexation of concurrent litigation over the same subject matter, and an injunction should issue enjoining the prosecution of the second suit to prevent the economic waste involved in duplicating litigation which would have an adverse effect on the prompt and efficient administration of justice." Nat'l Equip. Rental, Ltd. v. Fowler, 287 F.2d 43, 46 (2d Cir. 1961).

Indeed, in Moderno's sur-reply brief arguing against Knoll's motion to transfer the California Action to this Court, Moderno indicated that it would continue to seek new venues to litigate its fraud claim, stating, "The New York federal court declined to hear Plaintiff' [sic] claims on the issue that Knoll committed fraud on the USPTO, so Plaintiff has properly brought this claim before this Court." (Gottlieb Dec. ¶ 12, at Exhibit M.) This statement suggests that, in the absence of a final ruling made with prejudice, Moderno will continue to contravene this Court's ruling in the Primary Action prohibiting it from reasserting counterclaims that it withdrew. This disrespect for judicial order should not be permitted to continue by allowing this present action to move forward. Under this Court's inherent power to control its own docket, Moderno's Complaint should be stricken as it is redundant to and duplicative of the pleadings pending in the Primary Action. See Rodriguez v. Weprin, 116 F.3d 62, 66 (2d Cir. 1997) ("A court's inherent power to control its docket is part of its function of resolving disputes between parties. This is a function for which judges and their supporting staff are afforded absolute immunity.").

### III. Conclusion.

Moderno's Complaint in the present action relies on the same factual background and legal issues involved in the Primary Action. Moderno made the decision to withdraw its counterclaim of fraud in the Primary Action, and it must bear the consequences of that strategic decision. It would be prejudicial to Knoll and would disrupt public policy to allow Moderno to continue to bring new actions in various jurisdictions in an attempt to litigate an issue that it should have brought in the Primary Action to begin with.

Therefore, for the reasons discussed herein, Knoll respectfully requests that this Court strike Moderno's Complaint with prejudice.

Respectfully submitted,

GOTTLIEB, RACKMAN & REISMAN, P.C.
George Gottlieb, Esq.
Marc P. Misthal, Esq.
Samantha Rothaus, Esq.
Attorneys for Plaintiff
270 Madison Avenue
New York, New York 10016
(212) 684-3900

By: _____
George Gottlieb (GG5761)

Dated:   August 15, 2013
         New York, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MODERNO, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> KNOLL, INC., <br><br> *Defendant.* | Civil Action No. 13 CV 3017 (AKH) <br> ECF Case <br><br> **CERTIFICATE OF SERVICE OF MOTION TO STRIKE COMPLAINT** |

I hereby certify that on August 15, 2013, the foregoing Defendant's Motion to Strike Complaint, including the Notice of Motion, Memorandum of Law in Support, and Declaration of George Gottlieb with supporting Exhibits, was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the Plaintiff by the ECF filing system.

GOTTLIEB, RACKMAN & REISMAN, P.C.

By: _____
Samantha Rothaus
Attorneys for Defendant
270 Madison Avenue
New York, New York 10016
(212) 684-3900

Dated:   August 15, 2013
         New York, New York