**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MODERNO, INC. | Civil Action No.  13 CV 03017 (AKH) |
| *Plaintiff,* | ECF Case |
| v. | |
| KNOLL, INC. | |
| *Defendant.* | |

**KNOLL'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO**
<u>**STRIKE THE COMPLAINT**</u>

GOTTLIEB, RACKMAN & REISMAN, P.C.
George Gottlieb, Esq.
Marc P. Misthal, Esq.
270 Madison Avenue
New York, New York 10016
(212) 684-3900

Defendant Knoll, Inc. ("Knoll") respectfully submits this Memorandum of Law in reply to Plaintiff Moderno, Inc.'s ("Moderno") sixty-four page (plus some forty pages of exhibits)[1] Opposition to Knoll's Motion to Strike the Complaint in this action (Civil Action No. 13 CV 3017 (AKH)) with prejudice.

## I. THE COMPLAINT SHOULD BE STRICKEN WITH PREJUDICE

Whether under Rule 12(f) or its  inherent power, there is little question that a district court has the the right  to manage its own docket and to strike duplicative cases, especially where those cases are between the same parties, in the same district court, over the same claims and concern the same facts and occurrences.  Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d. Cir. 2000).  The Second Circuit has stated that "[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit" and that "[s]imple dismissal of the second suit is another common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time. Id. at 138, 139.

Moderno alleged in its November 9, 2011 Answer and Counterclaim in Knoll, Inc. v. Moderno, Inc., et al., Civil Action No. 11-CV-0488, pending in the Southern District of New York (hereinafter, the "Primary Action"), that Knoll committed fraud on the U.S. Patent and Trademark Office in securing the trademark registrations at issue.  See Primary Action, Docket no. 30.  Moderno thereafter withdrew those claims for tactical reasons, see Primary Action, Docket no. 32, and eight months later when its tactics did not succeed, sought to reassert those claims.  On August 22, 2012 this Court denied

---

[1] "Brevity is the soul of wit."  Hamlet, Act 2, Scene 2.

Moderno's motion in the Primary Action to reassert its fraud claims, see Primary Action, Docket no. 97, and on September 17, 2012 denied Moderno's motion for reconsideration.  See Primary Action, Docket no. 106.

In yet another attempt to reassert its fraud claims and circumvent the Court's prior order, Moderno then filed this action on January 8, 2013 in the Central District of California.[2]  After motion practice, this action was transferred back to this Court.  The Second Circuit has recognized that a party must bring suit against another party on all claims that relate to the same conduct, transaction or event at the same time, and that where a party files a second action to avoid the consequences of its delay in asserting claims, dismissal of those late filed claims is appropriate.  Curtis v. Citibank, N.A., 226 F.3d at 139, 140.

Moderno should not be permitted to avoid the consequences of its tactical decision to dismiss its fraud claim and reassert its fraud claims by maintaining this action.

## II.  THE CASES SHOULD NOT BE CONSOLIDATED

Consolidation of the present action and the Primary Action would effectively result in the nullification of the Court's order in the Primary Action denying Moderno's prior motion to amend its Answer and Counterclaims.  Consolidation would permit Moderno to reassert the Answer and Counterclaims that it voluntarily dropped in

---

[2] As noted in Knoll's memorandum in support of its motion to strike, Docket no. 31, p. 3, Knoll has not been served with the Complaint in this action.  Plaintiff's time for serving Knoll has expired and Plaintiff has not sought an extension of time.  FRCP 4 (m).  In its opposition papers Moderno claims that Docket entry no. 2 establishes that Knoll was served with the Complaint.  Plaintiff's Response Memorandum of Law in Objection to Defendant's Motion to Strike, pp. 4, 24.  Docket entry no. 2 in this action is a Certification and Notice of Interested Parties indicating that Mike Saxena is a shareholder of Moderno, and there is no entry in the docket for this action for a certificate of service of the Complaint on Knoll.  Indeed, Moderno has made no effort to prosecute this case since it was transferred to this Court.

November 2011.  As Knoll did not take discovery in the Primary Action with respect to the claims that Moderno dropped in November 2011, the result of consolidation would be to reopen discovery in the Primary Action, which has been closed since August 31, 2011.  See Primary Action, Docket nos. 92, p. 16, and 105 (noting that "the period for discovery has expired").  In short, consolidating the cases will do nothing to advance the resolution of the dispute between the parties.  Instead, it will only futher delay resolution and result in increased expense for both sides.[3]

Moderno claims that this action and the Primary Action should be consolidated for three reasons:  1) that the fraud claims in this action differ from those asserted by Moderno in the Primary Action (the fraud claims are discussed in Section III herein); 2) that the parties in this action and the Primary Action are different; and 3) that the relief sought in this action and the Primary Action is different.  Thus, Moderno argues that the parties to this action and the Primary Action are different.  The parties to the Primary Action are Moderno, Urban Mod, Inc. and Mr. Mike Saxena, owner of Moderno, see Docket no. 9, pg. 8.  According to an affidavit Mr. Saxena submitted in the Primary Action, Urban Mod, Inc. was incorporated on February 17, 2011 and took over operation of the RegencyShop.com, which sells products infringing Knoll's trademark rights, from Moderno.  See Primary Action, Docket no. 15.  Finally, Moderno itself has conceded, in this action, that the parties to the Primary Action and this action are "identical."  Docket no. 9, p. 15.  Moderno cannot have it both ways.

---

[3]The complaint in this action is nothing more than a screed against Knoll that fails to even allege a basis for a case or controversy between the parties—only two short paragraphs out of the thirty-five page complaint relate to Moderno and its activities.  See Docket no. 1.  Moreover, Moderno, by the admission of its owner, did not operate the RegencyShop.com website at the time of the filing of the Complaint in this action.  See Primary Action, Docket no. 15.

The relief sought by Moderno in the present action is remarkably similar to the relief sought by Moderno in the Primary Action before it voluntarily dropped its fraud claim.  Compare Primary Action, Docket no. 30 with Docket no. 1.  The complaints in both actions seek declarations of invladity (Moderno concedes this point in its brief) and non-infringement and requests that Knoll be ordered to inform the PTO of this judgment. Moreover, the complaint in this action includes a claim for monetary damages, a claim that the Court found that Moderno voluntarily dropped in the Primary Action (and which appeared in the proposed Amended Answer and Counterlcaims submitted by Moderno in the Primary Action).

Two different courts have already recongized that the subject matter of the present action is the same as that of the Primary Action.[4]  In denying Knoll's request for a preliminary injunction preventing Moderno from prosecuting the California Case, this Court stated that the subject of this action is the same as the counterclaim that Moderno voluntarily dropped in the Primary Action:

> I agree that the subject of the newly-filed lawsuit in the Central District of California is the same subject as the counterclaim Defendant first filed here (and later voluntarily dismissed and was not permitted to re-assert), and that it would waste judicial resources to litigate related claims in two different courts, but the district court in Central California should be the court making that determination, not I. Should that district court wish to transfer the case to me, I would accept the transfer.

Primary Action, Docket no. 112.  The California court, granting Knoll's motion to transfer the California Case to this Court, noted that:

> [i]f Moderno were to prevail in this action, Knoll could not possibly prevail in New York. Conversely, if Knoll were to prevail in the New York Action, Moderno would

---

[4] The Complaint filed by Moderno in this action consists of those portions of Moderno's proposed Amended Complaint in the Primary Action that were not allowed by the Court in the Primary Action. Compare Primary Action, Docket no. 90-1 with Docket no. 1.

likely be barred from collaterally attacking that judgment by means of a judgment in this case.

Docket no. 19, p. 3.

Thus, despite Moderno's pages of protestation to the contrary, the subject matter of this action and the claims that Moderno voluntarily dismissed in the Primary Action nearly two years ago are the same, and consolidation is not appropriate.

## III.  MODERNO CANNOT AMEND PLEADINGS IN THE PRIMARY ACTION BY SEEKING LEAVE TO DO SO IN THIS ACTION

In an unusual procedural gambit for which it cites no legal authority, Moderno asks in this action to amend its pleadings in the Primary Action.  The absence of any supporting legal authority alone is sufficient reason to deny Moderno's request. As this Court has already noted, a Civil Case Management Plan was entered in the Primary Action on December 6, 2011.  Primary Action, Docket no. 34.  In the Civil Case Management Plan, Moderno stated that it was its position "that the pleadings are complete as of November 30[, 2011]."  The Civil Case Management Plan also provided that pleadings could be amended without leave of the Court until January 20, 2012.

In an effort to overcome this hurdle, Moderno attempts to rewrite history, claiming that the claim of fraud that it voluntarily dismissed in the Primary Action was based on Knoll's alleged "theft of Barcelona furniture designs from the public domain."  Plaintiff's Response Memorandum, p. 45.  However, the initial answer and counterclaims filed by Moderno in the Primary Action claim, as affirmative defenses and counterclaims, that

> Knoll has abandoned whatever trademark rights it claims to have in the designs of the alleged, so-called Barcelona furniture, in that, on information and belief, for decades, it disclaimed ownership of trademark rights in said designs and/or did not enforce or effectively enforce said

> rights in the face of <u>many companies selling, without license from Knoll,</u> <u>the same types of replicas that are being offered for sale on</u> <u>Regencyshop.com</u> (emphasis added)

and that

> [o]n information and belief, Knoll acquired its alleged trademark registrations by means of <u>fraud upon the U.S. Trademark Office</u> in that the Office relied upon documents filed by Knoll, including without limitation affidavits sworn to by Knoll employee Carl G. Magnusson in 2003, that Knoll knew to be materially incomplete and calculated to mislead (emphasis added)

and that

> [o]n information and belief, Knoll committed <u>fraud upon the Patent and</u> <u>Trademark Office</u> in respect of the registrations it obtained for the designs in question (emphasis added).

Primary Action, Docket no. 30, Affirmative Defenses ¶¶ 8, 12 and Counterclaim ¶ 2.

Thus, there is no merit to Moderno's claims that each of its alleged fraud claims has a distinct basis in fact—each of Moderno's alleged fraud claims is based upon facts known to Moderno previously.[5]

To further support its claim, Moderno claims that it learned about the Ninth Circuit's 1999 decision in <u>Leatherman Tool Group v. Cooper Industries</u>, 199 F. 3d 1009 after January 20, 2012 (although Moderno does not state when it learned of the <u>Leatherman</u> decision).  While this may be the case, this legal precedent has been available to Moderno at least since the filing of its answer and counterclaims in the Primary Action, and was previously referred to by Moderno in this action.  <u>See</u> Docket no. 15, pp 11-12.

---

[5]Moderno readily conceded in the Primary Action that the alleged inadequacy of its prior counsel is not a justification for a delay in bringing a motion to amend. <u>See</u> Primary Action, Docket no. 90, p.9. <u>Mitchell v.</u> <u>Goord</u>, 2011 U.S. Dist. LEXIS 117941, *8-*9 (W.D.N.Y. Aug. 24, 2011).  Moderno now argues the opposite, claiming that Mr. Saxena was diligent in contacting his prior counsel.  Given the absence of any declaration supporting the alleged malpractice by Moderno's prior counsel, or Mr. Saxena's alleged diligence, Moderno's current position is entirely without support.

What is critical here is that Moderno was aware of the relevant facts and circumstances prior to filing this duplicative litigation.  It makes no difference that Moderno has a new legal theory based on the same facts and circumstances.  <u>Curtis v. Citibank, N.A.</u>, 226 F.3d at 139- 140.

Relying on the document attached to its papers as Exhibit X1, [6] Moderno claims that it should be allowed to amend its pleading because its proposed amendment is based on a document it received from Knoll after the January 20, 2012 amendment deadline.  In fact, Knoll produced the Exhibit X1 document, which bears Bates nos. KNL0045221-45222, on June 15, 2012 (see attached), nearly a month before Moderno made its motion to amend its pleading in the Primary Action.  Moreover, in a section of a brief filed in this action entitled "*Knoll intentionally misled the USPTO by claiming substantially exclusive use of Barcelona furniture,*" Moderno apparently referred to the contents of Exhibit X1:

> Knoll conducted internal studies where Knoll compared the prices of its Barcelona furniture with its competitors…This internal competitor analysis by Knoll proves that Knoll competitors had a substantial market share in the Barcelona furniture market which forced Knoll to adjust its prices to stay competitive in the Barcelona furniture market.

 Docket no. 15, pp. 10-11.  Moderno's opposition brief is noticeably silent as to when it received Exhibit X1, notwithstanding the fact that the alleged discovery of that document is one of the bases for Moderno's current request.  Since Moderno has had Exhibit X1 in its possession for over a year, that document cannot contain newly discovered facts that would permit amendment of a pleading.

---

[6]It appears that Moderno filed Exhibit X1 under seal (see Docket no. 35 in this action), despite the absence of a protective order in this action and Moderno's failure to file a motion seeking leave to file Exhibit X1 under seal in accordance with this Court's Individual Rule 4 (B).

Moderno claims that another new fact that entitles it to amend its claims is this Court's finding in <u>Knoll, Inc. v. Regency Seating, Inc.</u>,[7] Civil Action No. 12 CV 0921, that the defendant in that case presented enough evidence to show "a factual basis for a showing of probable cause" of the fraud alleged in that case, that Knoll did not make substantially exclusive use of its trademarks.  That, however, is not a fact—it is a ruling by the Court.  Further, Moderno made <u>exactly the same allegation</u> in the proposed pleading it filed with the Court a year ago.  <u>See</u> Primary Action, Docket no. 90-1 at 9, ¶¶ 34, 107-113.  It likewise made the same allegation in the complaint in this Action.  <u>See</u> Docket no. 1, ¶¶ 31, 47-53.  Moderno claims it is acting promptly because it is seeking leave to amend approximately three months after the Court's finding in <u>Regency Seating</u>, but the question of timeliness centers on when Moderno learned of the claim, and Moderno's own documents establish that it has been aware of this claim for at least a year.  There is no basis for permitting Moderno to amend its claim.

Additionally, Moderno claims that statements in hearing transcripts from the <u>Regency Seating</u> case allow it to assert additional claims like a purported civil conspiracy among Knoll and its counsel.  Moderno has been aware of the facts underlying this claim for quite some time, as it admits where it says that it had previously only accused Knoll's counsel of aiding and abetting Knoll.  Plaintiff's Response Memo, p. 56.  <u>See</u> Docket no. 9, pp. 10-11 ("Knoll and Knoll's Lawyers have engaged in a common scheme to defraud courts and the United States Patent and Trademark Office.").  Moderno claims that on May 23, 2013 it first learned of a "corrupt agreement" between Knoll and its counsel, pointing to an excerpt from the hearing

---

[7] The Primary Action and the <u>Regency Seating</u> litigation have not been consolidated, as revealed by a review of the dockets in each action.

transcript where the Court restated Regency Seating's position.  This "corrupt agreement" is only another legal theory for attacking the same Knoll trademark registrations; it is not a newly learned fact.  There is no factual basis for this claim, and Moderno has not come forward with one.

Moderno also claims it should be allowed to assert an alleged common law fraud based on errors in Knoll's privilege log in the <u>Regency Seating</u> case which Knoll's counsel brought to the attention of the Court and Regency Seating's counsel.  The alleged common law fraud is unsupported by any intent to deceive, and is undermined by the fact that after learning of errors in Knoll's privilege log, the Court directed Knoll to produce a corrected privilege log.[8]

Finally, Moderno has not submitted its proposed amended pleading, making it virtually impossible for Knoll and the Court to evaluate the sufficiency and merits of Moderno's claims.  Where leave to amend is requested informally in an opposition memorandum, it is within the court's discretion to deny leave.  <u>In re:  Tamoxifen Citrate Antitrust Litigation</u>, 429 F.3d 370, 404 (2d. Cir. 2005)

---

[8] Moderno claims that as a result of the purported fraud both it <u>and Regency Seating</u> reviewed the erroneous privilege log and relied on it to specify documents for in camera review.  Moderno's admission that it is working together with Regency Seating is in sharp contrast to Moderno's emphatic efforts to distance itself from Regency Seating: "Moderno should not be forced to rely on the efforts of a distinct entity with separate interests in the determination of legitimate claims of Moderno" and "Moderno has NOT signed a joint defense agreement with Regency Seating.  A decision in *Regency Seating* is therefore not binding on Moderno." Docket no. 15, p. 16 (emphasis in original).

**CONCLUSION**

For the reasons set forth above, the Court should strike Moderno's complaint

with prejudice.

Respectfully submitted,

GOTTLIEB, RACKMAN & REISMAN, P.C.
George Gottlieb, Esq.
Marc P. Misthal, Esq.
Attorneys for Plaintiff
270 Madison Avenue
New York, New York 10016
(212) 684-3900

By:

Dated:       September 4, 2013
             New York, New York

9

GEORGE GOTTLIEB
DAVID S. KASHMAN
ALLEN I. RUBENSTEIN
JEFFREY M. KADEN
TIBERIU WEISZ
MARIA A. SAVIO
RICHARD S. SCHURIN
MARC P. MISTHAL
STEVEN STERN

COUNSEL
DIANA MULLER*

*MEMBER OF THE BAR
OF ARGENTINA ONLY

COUNSELORS AT LAW
PATENTS   TRADEMARKS   COPYRIGHTS   INTELLECTUAL PROPERTY

270 MADISON AVENUE
NEW YORK, N. Y. 10016-0601
PHONE: (212) 684-3900 · FACSIMILE: (212) 684-3999
WEB: http://www.grr.com · E-MAIL: info@grr.com

DONNA MIRMAN BROOME
BARBARA H. LOEWENTHAL
BARRY R. LEWIN
JOSHUA R. MATTHEWS
ARIEL S. PEIKES
RACHEL M. WEISS

PATENT AGENT
ZOYA V. CHERNINA

OF COUNSEL
JAMES REISMAN
MICHAEL I. RACKMAN
BARRY A. COOPER

June 15, 2012

**VIA FEDEX**
Janeen Lambert, Esq.
104 Marcy Ave. #3
Brooklyn, NY 11211

Re:   **Knoll, Inc. v. Moderno, Inc. dba Regency Shop**
      **11-cv-00488-AKH**

Dear Janeen:

    In connection with the above-referenced matter, enclosed please find
Plaintiff's Tenth Supplemental Response to Defendants' First Request for
Documents Under Rule 34, F.R.C.P., as well as documents bearing Bates Nos.
KNL0044977 through KNL0046306.  Included in the documents being produced
are documents designated as Confidential/Attorney's Eyes Only pursuant to the
Protective Order.

                         Very truly yours,

                         GOTTLIEB, RACKMAN & REISMAN, P.C.

                         Marc P. Misthal

MPM

Encls.

cc:   George Gottlieb, Esq.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the foregoing **KNOLL'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE THE COMPLAINT**, was served by First Class Mail on the 4th day of September, 2013 on the attorneys for Defendants, namely:

Janeen Lambert, Esq.
104 Marcy Ave. #3
Brooklyn, NY 11211

and

Connor F. Donnelly, Esq.
301 East 87 Street
Suite 21C
New York, NY 10128


_____/Marc P. Misthal/_____